IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROSLYN N. CUMMINGS, | ) | CV 21-00083 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER REMANDING CASE**

On February 10, 2021, Roslyn N. Cummings ("Cummings"),
proceeding pro se, filed a pleading in an effort to remove a
pending state court criminal prosecution, State v. Roslyn Nicole
Manawaiakea Cummings, 5DCW-20-000850, from the District Court of
the Fifth Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1331
and 1455.

This action is summarily **REMANDED** to the District Court of
the Fifth Circuit, State of Hawaii.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction, having
subject-matter jurisdiction only over matters authorized by the
Constitution and federal statutes. Kokkonen v. Guardian Life
Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Removal statutes are strictly construed and a party seeking
removal has the burden to establish that removal is proper.
Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027,

1

1034 (9th Cir. 2014).  Any doubt as to the propriety of removal
is resolved against removability.  Id.

## ANALYSIS

A state criminal prosecution may be removed to federal court
under very narrow and limited circumstances as set forth in 28
U.S.C. §§ 1442-43.  When a state court criminal prosecution is
removed, the Court must "examine the notice promptly" upon its
filing and "[i]f it clearly appears on the face of the notice and
any exhibits annexed thereto that removal should not be
permitted, the court shall make an order for summary remand."  28
U.S.C. § 1455(b)(4).

Section 1442 authorizes removal of a criminal prosecution
commenced in state court against federal officers for acts done
in furtherance of their official duties, and Section 1442a
applies to prosecutions of members of the armed forces.

There are no facts provided to establish that either
circumstance is applicable to the case removed by Cummings.
Hawaii v. Thronas-Kahoonei, 19-cv-00683 JAO-KJM, 2020 WL 118251,
*2 (D. Haw. Jan. 10, 2020); Morgan v. Washington, 212 Fed. Appx.
606, 608 (9th Cir. 2006).

In addition, a criminal defendant may remove a criminal
prosecution to federal court if she establishes that her defense
to the state prosecution is based on federal laws protecting
racial equality, and by establishing that the state law will not
enforce that specified federal right.  28 U.S.C. § 1443; see

<u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966).  Cummings has not established a basis for removal pursuant to 28 U.S.C. § 1443. <u>See</u> <u>Idaho v. Oelker</u>, 2020 WL 6081885, *1 (D. Idaho Oct. 15, 2020); <u>California v. Dawodu</u>, 122 Fed. Appx. 884, 885 (9th Cir. 2004).

Cummings has failed to establish a valid basis for removal of the Hawaii state court criminal proceeding.  Summary remand is warranted pursuant to 28 U.S.C. § 1455(b)(4).

## <u>CONCLUSION</u>

The case is **REMANDED** to the District Court of the Fifth Circuit, State of Hawaii for further proceedings.

The Deficiency Order (ECF No. 2) issued on February 10, 2021 is **MOOT** as the matter is remanded to the state court.

The Clerk of Court is directed to transfer this case and all files herein to the District Court of the Fifth Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: February 22, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge